UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BILLY GRISSO, )
)
    Plaintiff, )
)
vs. ) Case No. 1:04CV00042 ERW
)
JO ANNE BARNHART, Commissioner of )
Social Security, )
)
)
    Defendant. )

## MEMORANDUM AND ORDER

This is an action under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, for judicial review of the final decision of Jo Anne Barnhart ("Defendant") denying a request for certain additional benefits made by Plaintiff Billy Grisso ("Plaintiff"). Plaintiff has filed a brief in support of the Complaint [doc. #36], as well as a Reply [doc. #47]. Defendant has filed a brief in support of her Answer [doc. #44].

### I.    BACKGROUND FACTS

Plaintiff filed his first application for disability benefits in August 1978. The Commissioner's initial decision to deny the 1978 application for benefits was reversed by the United States District Court for the Western District of Missouri. Thereafter, Plaintiff was found to be disabled and was awarded benefits. From 1983 to 1994, while Plaintiff was a prisoner in Arkansas and Missouri, his disability benefits were suspended pursuant to Social Security Administration regulations. While he was in prison, Plaintiff participated in certain rehabilitation and training programs. Prior to being amended in 1994, federal law provided that an individual confined in jail for a felony was not entitled to receive benefits unless "actively and satisfactorily participating in a rehabilitation program which has been specifically approved for such individual by a court of law and, as determined by the [Social Security Commissioner], is expected to result in such individual being able to engage in substantial gainful activity upon release and within a reasonable time." 42 U.S.C. § 402(x)(1)(A) (prior to 1994

1

amendment). Pursuant to this exception, Plaintiff was granted partial reinstatement of his benefits due to his participation in certain paralegal training programs that were determined to qualify as rehabilitation programs under the statute.

In addition to the paralegal training, Plaintiff also participated in programs involving training in operation of a press machine, dry cleaning, and spot-checking ("proposed industrial training programs").[1] On January 17, 1990, the Honorable Scott O. Wright of the United States District Court for the Western District of Missouri denied Plaintiff's request for court approval of the proposed industrial training programs.[2] In September 1997, Plaintiff filed an application with the Social Security Administration for a determination that the proposed industrial training programs were rehabilitation programs. After the resolution of numerous claims filed by Plaintiff in various federal courts,[3] Plaintiff's 1997 application was reviewed by an administrative law judge ("the ALJ") who denied Plaintiff's request for approval of the proposed industrial training programs. The Appeals Council denied Plaintiff's request for review of the ALJ's decision; thus, the ALJ's decision stands as the final decision of the Commissioner.

## II. DECISION OF THE ALJ

The ALJ set forth the issue to be decided as follows: "The issue is whether a program, in which the claimant performed, while incarcerated from 1984 through 1992, involving training in dry cleaning, spot-checking and operation of a press machine, qualifies as a vocational rehabilitation exception to non-payment of benefits." Tr. 13. The ALJ first detailed Plaintiff's 1978 application

---

[1] Plaintiff states that he trained for 9,280 hours as a press operator; 3,000 hours as a dry cleaner and spotter; and 2,000 hours as a dry cleaner and presser.

[2] Plaintiff appealed this decision. On March 8, 1990, the Circuit Court dismissed the appeal, and, on May 25, 1990, the United States Supreme Court denied Plaintiff's petition for writ of certiorari.

[3] *See Grisso v. Regional 7 Director, SSA*, 106 F.3d 405 (8th Cir. 1997); *Grisso v. Apfel*, No. 1:98CV00064 CDP (E.D. Mo., June 2, 1999), *aff'd in part and remanded in part*, 219 F.3d 791 (8th Cir. 2000), *cert. denied*, 532 U.S. 963 (2001); *Grisso v. Massanari*, 22 Fed. Appx. 656 (8th Cir. 2001), *cert. denied*, 537 U.S. 1092 (2002); *Grisso v. United States et al.*, 121 Fed. Appx. 172 (8th Cir. 2005); *In re Grisso*, 125 S.Ct. 973 (2005).

for benefits, which was made on the basis of injuries Plaintiff sustained when he jumped from the second floor of a jail in Charleston, Missouri. The ALJ noted that Plaintiff's disability claim was denied initially and upon reconsideration and that, after a review by a federal district court, Plaintiff was later found disabled and entitled to benefits. The ALJ further detailed Plaintiff's subsequent efforts to receive benefits while incarcerated by seeking and receiving approval of multiple vocational rehabilitation programs.[4] The ALJ then stated that Plaintiff was involved in the proposed industrial training programs from July 1984 to July 1992 and that Plaintiff filed a petition in September 1997 requesting approval by the Commissioner of the program as one fitting within the § 402(x)(1)(A) exception. Tr. 13-15.

Next, the ALJ addressed Plaintiff's argument that the Seventh Circuit's decision in *United States of America v. William J. Osborne*, 988 F.2d 47 (7th Cir. 1993), requires the Commissioner to first make a determination as to whether a given program is expected to result in the individual being able to perform substantial gainful activity upon release and within a reasonable period of time prior to any specific approval of the program by a court of law. The ALJ found Plaintiff's argument to be unpersuasive because (1) Plaintiff's interpretation has not been adopted in any case other than the Seventh Circuit's decision in *Osborne*; (2) the holding of *Osborne* does not seem to "dictate" and "require" that the approval process begin with the Commissioner, and the statute itself does not appear to demand or require such a procedural order; and (3) Plaintiff's rigid approach would often result in a waste of agency funding, personnel, and time. The ALJ also rejected Plaintiff's argument that Section 402(x)(1)(A) was unconstitutional. Tr. 15. The ALJ then noted that a federal court had already denied Plaintiff's request for approval of the proposed industrial training programs. Tr. 16.

In denying Plaintiff's request, the ALJ set forth two separate rationales. First, the ALJ noted that the issue was moot because a federal district court had already refused to approve the proposed industrial training programs. Tr. 16. Second, the ALJ stated:

---

[4]Plaintiff was able to secure findings of entitlement to approximately $29,000.00 in disability benefits while incarcerated.

3

> [A]ssuming arguendo that a court of law had not already denied [Plaintiff's] request for approval of his "proposed" program for a vocational rehabilitation exception to non-payment of benefits, (and in no way endorsing the claimant's argument presented under *U.S. v. Osborne*), the undersigned notes that the record also establishes that the claimant's program is not expected to have resulted in the individual being able to perform substantial gainful activity upon release and within a reasonable period of time. In so finding, the undersigned notes that, at the same time the claimant has argued that the program involving press operation, dry cleaning and spotting would allow him to return to substantial gainful activity within a reasonable period of time, [Plaintiff] was also alleging ongoing disability due to back and ankle pain and difficulties engaging in prolonged walking and standing. In fact, in his petition from September 1997, the claimant stated that it was "true that I could not function in such a position because of the hours needed, and because of my pain." The claimant's own statements and arguments establish that he did not expect such activity to result in performance of substantial gainful activity, within a reasonable period of time after release.

Tr. 16. The ALJ went on to note that Plaintiff had already worked in a clothing factory as a steam press operator and that there was no persuasive evidence that the proposed training program provided additional training beyond that which Plaintiff had already obtained during previous years of work. The ALJ therefore concluded that such training therefore would not be expected to result in any additional benefit in assisting Plaintiff in the performance of substantial gainful activity upon release from prison. Tr. 17. The ALJ further pointed out that Plaintiff had repeatedly sought and received approval for various paralegal programs, indicating that he has the job skills to become employed as a paralegal or legal assistant. The ALJ found that, due to his paralegal training, additional training in press operation, dry cleaning, and spotting would not be considered to be likely to result in Plaintiff becoming capable of performing substantial gainful activity upon release because he could already perform substantial gainful activity upon release as a paralegal. Finally, the ALJ found that Plaintiff did not intend to use his training in dry cleaning after being released from prison.

The ALJ concluded that, "even if a Federal Court of Law had not already denied [Plaintiff's] request to approve his press operation, dry cleaning and spotting activities as a vocational rehabilitation exception to non-payment of benefits," the record establishes that such a program would not be expected to result in Plaintiff "becoming able to perform substantial gainful activity upon release from prison and within a reasonable period of time." Tr. 17. As such, the ALJ found that Plaintiff was not entitled to any additional benefits on the basis of the proposed industrial training

4

programs for which Plaintiff requested approval. Tr. 18.

## III. STANDARD OF REVIEW

A court's review of a decision made by an ALJ is limited to a determination of whether the decision is supported by substantial evidence on the record as a whole. *Burnside v. Apfel*, 223 F.3d 840, 843 (8th Cir. 2000). To determine whether there is substantial evidence, a reviewing court must determine whether the evidence is such that a reasonable mind might find it adequate to support the ALJ's conclusion. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001). Upon review of the record, if a court finds that it is possible to draw two inconsistent positions from the evidence, and one of those positions represents the ALJ's findings, a court must affirm the ALJ's decision. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000). An administrative decision which is supported by substantial evidence is not subject to reversal merely because the reviewing court would have decided it differently. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002).

## IV. DISCUSSION

On appeal to this Court, Plaintiff's primary argument is that the ALJ erred by failing to follow the precedent established by *United States v. Osborne*, 988 F.2d 47 (7th Cir. 1993).[5] Plaintiff does not dispute the ALJ's alternative finding that Plaintiff's training as a press operator and dry cleaner could not be expected to result in him being able to engage in substantial gainful activity upon his release from prison. Instead, Plaintiff argues that, pursuant to *Osborne*, the ALJ must make the initial determination regarding whether a proposed program qualifies as a rehabilitation program reasonably expected to restore a claimant's ability to perform substantial gainful activity pursuant to § 402(x)(1)(A). Plaintiff's narrow argument before this Court is that the ALJ should have been required to approve or disapprove of Plaintiff's proposed program before a court of law made its own

---

[5]In addition to his *Osborne* argument, Plaintiff appears to believe that certain certificates issued by the Missouri Department of Corrections documenting the proposed industrial training programs have some bearing on the issues in this case. Plaintiff also appears to believe that the Commissioner refused to make a decision as to whether the proposed industrial training programs merit approval. Both of these beliefs are unfounded and the arguments on which they are based are without merit.

5

determination.[6] Section 402(x)(1)(A) requires both approval from a court of law and a determination by the Commissioner that the proposed program is expected to result in the individual being able to engage in substantial gainful activity upon release and within a reasonable time. The statute does not dictate the order in which this approval process must occur. In any event, even if Plaintiff could prevail on his *Osborne* argument, the ALJ's decision would nonetheless stand. The ALJ made two clear alternative findings. First, the ALJ determined that Plaintiff's request for approval of the proposed industrial training programs had already been denied by a court of law and that the program therefore does not meet the requirements set forth under Section 402(x)(1)(A), as it existed prior to 1994. Second, the ALJ determined that the proposed industrial training programs were not expected to result in Plaintiff being capable of performing substantial gainful activity upon release and within a reasonable period of time. A review of the record indicates that there is ample evidence to support the ALJ's finding that the proposed programs were not expected to result in the requisite substantial gainful activity. Thus, even if the procedure that Plaintiff proposes had been followed (i.e. the ALJ made its determination followed by a determination by a court of law), the result would have been the same: Plaintiff is not entitled to any additional benefits.

The issue before this Court is whether substantial evidence supports the Commissioner's final determination that Plaintiff was not entitled to any additional benefits on the basis of the industrial training programs (press machine operation, dry cleaning, and spotting) that he performed while incarcerated from 1984 through 1992. The Court finds that substantial evidence clearly supports the ALJ's finding that Plaintiff is not entitled to the additional benefits he seeks.

---

[6] Plaintiff relies upon *United States v. Osborne*, 988 F.2d 47 (7th Cir. 1993), as the sole support for his argument that the ALJ erred. In *Osborne*, the Seventh Circuit stated that the proper court to consider a request for approval under § 402(x)(1)(A) is the sentencing court. *Id.* at 49. The court noted that the sentencing court is not required to pass upon a proposed program until that proposed program has been approved by the Social Security Administration. *Id.* According to the *Osborne* court, an "orderly sequence" consists of having the Social Security Administration first consider the propose program, and then to have the sentencing court make its determination. *Id.* Guidance from the Eighth Circuit on this issue is sparse. Dicta from two Eighth Circuit opinions suggests that the court should make the initial determination. *See In re Moyers*, 960 F.2d 748 (8th Cir. 1992); *Peeler v. Heckler*, 781 F.2d 649, 652 (8th Cir. 1986).

Accordingly,

**IT IS HEREBY ORDERED** that the relief which Plaintiff seeks in his Brief in Support of Complaint is **DENIED**.

**IT IS FURTHER ORDERED** that the relief which Defendant seeks in her Brief in Support of Answer is **GRANTED**.

**IT IS FURTHER ORDERED** that the decision of the Commissioner of Social Security is **AFFIRMED** and the above-styled action is **DISMISSED**.

An appropriate Order of Judgment shall accompany this Order.

Dated this 18th day of May, 2005.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE