UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BILLY GRISSO, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 1:04CV00042 ERW |
| JO ANNE BARNHART, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court upon Plaintiff's Motion for Reconsideration [doc. #53] and Demand for Complete Judgment [doc. #58].

In his Motion for Reconsideration, Plaintiff requests that the Court reconsider its decision of May 18, 2005. Plaintiff provides no new evidence or arguments, and fails to otherwise identify any grounds upon which this Court could grant his Motion. Thus, the Motion for Reconsideration will be denied.

In his Demand for Complete Judgment, Plaintiff requests that the Court issue a final judgment on all issues raised "in this case." According to Plaintiff, the Court "failed to address multiple issues raised in the petition." Plaintiff argues that the Court failed to address his claims that: (1) the ALJ was biased because he "did not secure the needed records certified in the petition" and because he made certain written statements about Plaintiff's criminal and work history; (2) the agency should be required to produce certain policies and regulations; and (3) the Appeals Council "retaliated" against him in an arbitrary and capricious manner in violation of 5 U.S.C. § 706. Plaintiff also argues throughout the Motion that there is insufficient evidence to support the ALJ's finding and that the ALJ misapplied the law.

Plaintiff's arguments are without merit. First, Plaintiff made only conclusory statements

1

regarding the ALJ's alleged bias, failing to set forth any facts upon which the Court could have granted relief. On page five, at footnote five, of this Court's May 18, 2005 Order, the Court found Plaintiff's contention that the ALJ should have reviewed certain Department of Corrections certificates to be without merit. Thus, the Court implicitly recognized that Plaintiff's allegation could not provide any support for the bias claim. Plaintiff's remaining bias allegations were not facts which could have allowed the Court to find that the ALJ was biased. The only "evidence" to which Plaintiff pointed were the ALJ's factually correct findings of fact and conclusions of law regarding Plaintiff's criminal and work history. *See Hall v. NLRB*, 941 F.2d 684, 689 (8th Cir. 1991).[1] Next, the Court was not required to address Plaintiff's claim that the agency should be required to produce certain rules and regulations. The Court has previously denied that request on at least two occasions. Further, the Court was not required to address Plaintiff's "retaliation" claims under 5 U.S.C. § 706.[2] Plaintiff provided no facts to support such a claim, other than conclusory statements that the Appeals Council had chosen not to review his claim. As the Court has previously explained, such action is not unusual and is not, by itself, an indication of bias, arbitrariness, capriciousness, or retaliation. More importantly, Plaintiff's Amended Complaint clearly indicates that he did not intend to make his retaliation claim part of this suit: "Plaintiff has elected to raise his retaliation suit separately from this suit (see file). This would avoid the confusion in this case." Amend. Compl. at 3A-2. Finally, Plaintiff's arguments regarding the sufficiency of the evidence and the legal conclusions of the ALJ are without merit. The Court addressed these issues in detail in its May 18, 2005 Order. For all of these reasons, this Motion will be denied.

---

[1] Further, there is no indication that the record is anything other than full and complete. *See Isom v. Schweiker*, 711 F.2d 88, 90 (8th Cir. 1983) (any potential bias overcome by ALJ permitting a full and complete record to be made).

[2] As explained in the Court's November 19, 2004 Order, Plaintiff believes that the Appeals Council's denial of his request for review of the ALJ's decision was "retaliation."

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration [doc. #53] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Demand for Complete Judgment [doc. #58] is **DENIED**.

Dated this 23rd day of June, 2005.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE